IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERIN PEPPIATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-1257-JWL |
| | ) | |
| STATE OF KANSAS; and | ) | |
| DAN SCHNURR, TOMMY WILLIAMS, | ) | |
| and D. CLAY VanHOOSE, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

In this case, plaintiff asserts claims under 42 U.S.C. § 1983 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The case presently comes before the Court on defendants' motion for summary judgment (Doc. # 62). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to plaintiff's Section 1983 First Amendment claim, her Section 1983 Equal Protection claim as asserted against defendants Schnurr and VanHoose, and her Title VII retaliation claim to the extent based on her termination, and defendants are granted judgment on those claims. The motion is otherwise denied.

## I.    <u>Background</u>

Plaintiff was employed by the Kansas Department of Corrections as a captain at the Hutchinson Correctional Facility.  In November 2018, plaintiff filed a complaint within her agency in which she alleged gender-based discrimination against her in her employment; and in February 2019, plaintiff filed an agency complaint alleging retaliation against her by male employees because of the first complaint.  In January 2020, plaintiff's employer concluded after an investigation that plaintiff had engaged in a prohibited sexual relationship with a male employee whom she supervised and that plaintiff had lied to investigators about the existence of that relationship, and plaintiff's employment was subsequently terminated by the facility's warden, defendant Dan Schnurr, based on those conclusions.

In this suit, plaintiff has asserted three claims against the State, her employer, under Title VII:  gender-based discrimination; hostile work environment sexual harassment; and retaliation.  Plaintiff has also asserted two claims under Section 1983 against individual defendants Dan Schnurr, Tommy Williams, and Clay VanHoose:  gender discrimination in violation of the Equal Protection Clause and retaliation in violation of the First Amendment.  Defendants now seek summary judgment on all claims.

## II.    <u>Summary Judgment Standards</u>

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In applying this standard, the Court views the evidence and

2

all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *See Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *See id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *See id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *See Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and

inexpensive determination of every action." *See Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.   Gender Discrimination – Title VII

Plaintiff asserts a claim against the State for gender discrimination under Title VII, which prohibits discrimination by an employer because of the employee's sex.  *See* 42 U.S.C. § 2000e-2(a)(1).  In opposing summary judgment on this claim, plaintiff argues that the State discriminated against her based on her gender not only with respect to her termination but also in prohibiting her from and questioning her for socializing with a subordinate.  Plaintiff preserved both claims in her contentions in the pretrial order.  In seeking summary judgment on this claim, however, the State has addressed only its conduct in terminating plaintiff's employment.[1]  Accordingly, the Court denies the motion for summary judgment on this claim to the extent that it is based on alleged pre-termination discrimination by the State.

The Court then turns to plaintiff's claim based on her termination.  Plaintiff has not offered direct evidence that she was terminated because of her gender; the Court therefore analyzes her claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Daniels v. United Parcel Serv., Inc*., 701 F.3d 620, 627 (10th Cir. 2012).  Under that framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination.  *See id.*  To set forth a prima facie case

---

[1] Although plaintiff asserted pre-termination conduct in support of this claim in her response brief, the State did not address any such conduct in its reply brief.

of discrimination, the plaintiff must establish "(1) membership in a protected class and (2) an adverse employment action (3) that took place under circumstances giving rise to an inference of discrimination." *See id*. (citing *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)).  If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to assert a legitimate, nondiscriminatory reason for the adverse employment action. *See id*.  If the defendant meets this burden, summary judgment is warranted unless the plaintiff introduces evidence "that the stated nondiscriminatory reason is merely a pretext for discriminatory intent."  *See id.*

In seeking summary judgment, the State argues that plaintiff cannot establish a prima facie case of discrimination because she has no evidence that the termination took place under circumstances giving rise to an inference of discrimination (the third prong). The State further argues that plaintiff lacks evidence to show that its proffered nondiscriminatory reason for terminating her – her prohibited relationship with a subordinate and her lying to investigators about that relationship – was pretextual.  In response, plaintiff cites evidence that male employees were not terminated or even investigated for fraternizing with subordinates.  Because such evidence concerning similarly-situated employees may both create an inference of discrimination and provide evidence of pretext, the Court considers plaintiff's evidence in the context of the pretext inquiry.  S*ee Sorbo v. United Parcel Serv*., 432 F.3d 1169, 1173-74 (10th Cir. 2005) (where comparison to others similarly situated is the method chosen by the plaintiff to raise an inference of discrimination, evidence may be analyzed at the pretext stage).

Evidence of pretext "may take a variety of forms," including evidence tending to show "that the defendant's stated reason for the adverse employment action was false" and evidence tending to show "that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances." *See Carter v. Pathfinder Energy Servs., Inc.,* 662 F.3d 1134, 1150 (10th Cir. 2011) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000)). A plaintiff may also show pretext with evidence that the defendant had "shifted rationales" or that it had treated similarly situated employees differently. *See Crowe v. ADT Security Servs., Inc*., 649 F.3d 1189, 1197 (10th Cir. 2011). In essence, a plaintiff shows pretext by presenting evidence of "weakness, implausibility, inconsistency, incoherency, or contradiction in the employer's stated reasons, such that a reasonable jury could find them unconvincing." *See Debord v. Mercy Health System of Kansas, Inc*., 737 F.3d 642, 655 (10th Cir. 2013).

In arguing that she was treated differently from male employees who were found to have had prohibited relationships with subordinates, plaintiff notes that instead of being terminated, one male was permitted to retire while another was permitted to resign. The State argues that these two males are not similarly situated for purposes of a comparison because plaintiff was not eligible for retirement and she never requested the opportunity to resign. Plaintiff has provided evidence, however, that resignation in lieu of termination was never presented as an option for her, and whether employees are similarly situated

ordinarily presents a question of fact for the jury.  *See Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1117 (10th Cir. 2007).[2]

Moreover, plaintiff has also submitted evidence that defendant VanHoose, her superior officer, questioned her about having coffee with her male subordinate while allowing male employees to party and drink with female subordinates.  Mr. VanHoose testified that he told plaintiff at the time that such socializing was permitted, even though he had since come to realize that such conduct was inappropriate, and he conceded that he may have applied a different standard to plaintiff's social interaction with the subordinate.

Thus plaintiff has submitted evidence that male employees were not questioned for fraternizing with female subordinates and that male employees were not terminated for engaging in prohibited relationships with subordinates.  The Court concludes that such evidence, viewed in the light most favorable to plaintiff, creates an inference of discrimination and is sufficient to create a question of fact concerning whether the State's proffered reason for terminating plaintiff was pretextual.  Accordingly, the Court denies the State's motion for summary judgment on plaintiff's Title VII gender discrimination claim.

## IV.    Hostile Work Environment – Title VII

Plaintiff also asserts a claim of hostile work environment sexual harassment under Title VII.  *See Throupe v. University of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021) (a

---

[2] The Court notes that if plaintiff proves only that she should have been permitted to resign instead of suffering termination, resulting damages would not include future pay.

plaintiff can prove discrimination based on sex in violation of Title VII by showing a hostile work environment).  To avoid summary judgment, a plaintiff must show that the hostile work environment based on her sex "was sufficiently severe or pervasive that it altered the terms or conditions of [her] employment."  *See id.*  The Court looks to the totality of the circumstances, considering such factors as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *See id.* at 1252 (quoting *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012)).  Whether conduct is sufficiently severe or pervasive typically presents a question of fact for the jury.  *See id.*

The State bases its motion for summary judgment on its argument that plaintiff cannot show severe or pervasive harassment.  The State argues that plaintiff generally relies on isolated comments and incidents.  Plaintiff's evidence goes beyond mere comments, however.  For instance, plaintiff testified that one male employee would grab her arm, attempt to touch her face, or try to elicit a sexual response from plaintiff.  Plaintiff also testified that every time she spoke with defendant Williams (the deputy warden) in his office, he would stare at plaintiff's breasts with his hand between his legs rubbing his groin. A jury could reasonably find that such overtly sexual and offensive conduct by her supervisor could deter future discussions and thus would have affected plaintiff's ability to do her job.  In light of this evidence, which the Court views in the light most favorable to plaintiff, the Court cannot conclude as a matter of law that the alleged harassment of plaintiff was not sufficiently severe or pervasive to alter the conditions of plaintiff's

employment.  The Court therefore denies the State's motion for summary judgment on this claim.

## V.     <u>Hostile Work  Environment – Equal Protection</u>

Plaintiff has asserted a claim under Section 1983 against the three individual defendants based on an alleged violation of the Equal Protection Clause.  In seeking summary judgment on this claim, defendants have addressed this claim as if it is based on plaintiff's termination.  In response, however, plaintiff defends this claim as one based on hostile work environment sexual harassment.  Thus, the Court will address this claim as plaintiff has defined it.  As discussed above, a question of fact remains for trial concerning whether plaintiff was subjected to a hostile work environment.

In support of this claim, plaintiff relies on the standard applied by the Tenth Circuit in *Murrell v. School District Number 1, Denver, Colorado*, 186 F.3d 1238 (10th Cir. 1999), in which the court noted that "a governmental official or supervisory employee may be held liable under section 1983 upon a showing of deliberate indifference to known sexual harassment."  *See id.* at 1250.  Under that standard, plaintiff must show that the supervisor actually knew of and acquiesced in the harassment.  *See id.*  Plaintiff argues that the three individual defendants were deliberately indifferent to the hostile work environment that she experienced.

Plaintiff has not met this standard with respect to defendants Schnurr and VanHoose, as plaintiff has not provided evidence that either of those two officers had actual knowledge of any of the allegedly harassing conduct directed to her other than two

9

incidents that formed the basis for her official retaliation complaint (the placing of a "fragile" sticker on her locker and the dressing up of a CPR mannequin as a female).[3] The Court concludes as a matter of law, however, that those two isolated incidents (which resulted in discipline for the perpetrators) are not sufficiently severe or pervasive to rise to the level of actionable sexual harassment.  Thus, plaintiff has not provided evidence that defendant Schnurr or defendant VanHoose had actual knowledge of hostile work environment sexual harassment of plaintiff, and those defendants are therefore granted summary judgment on this claim.

Defendant Williams, however, is alleged to have participated in the harassment of plaintiff, and thus there is evidence to support a claim that he knew of and was deliberately indifferent to that harassment.  The Court therefore denies summary judgment on this claim as asserted against defendant Williams.

## VI.   Retaliation – Title VII

Plaintiff asserts a claim against the State for retaliation in violation of Title VII.  *See* 42 U.S.C. § 2000e-3(a); *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 650 (10th Cir. 2013) (it is unlawful under Title VII "for an employer to retaliate against an employee for opposing sexual harassment in the workplace").  As set forth in the pretrial order, plaintiff's retaliation claim is not limited to the State's conduct in terminating her.  Nevertheless, in moving for summary judgment, the State treats this claim as directed only

---

[3] Plaintiff conceded in her deposition that she did not report Mr. Williams's conduct or the physical contact by another employee.

to plaintiff's termination.  In her brief, before addressing her claim that the State retaliated by terminating her, plaintiff also argued that she suffered retaliation prior to her termination, as follows:

> Peppiatt reported the gender discrimination she suffered at her employment and ultimately some of the male employees were given letters of reprimand by the warden for their actions. After Peppiatt made the discrimination complaint, the male employees retaliated against her. Two male employees were reprimanded for dressing a CPR dummy in a wig made from a mop and a female officer's vest, while mocking the discrimination investigation. A male employee placed a "fragile handle with care" sticker on Peppiatt's locker. After more male officers were given letters of reprimand for the retaliation actions, Peppiatt's hostile work environment worsened. The male employees were angry about receiving informal discipline for Peppiatt's complaints. Peppiatt was then targeted by male employees making complaints against her. Warden Schnurr, Deputy Warden Williams, and Major VanHoose failed to cease the retaliation against her.

The State in its briefs did not address plaintiff's claim of pre-termination retaliatory conduct, even after plaintiff made clear in her response that this claim is not limited to her termination.  Accordingly, the Court denies summary judgment on plaintiff's retaliation claim to the extent based on conduct other than her termination.

Plaintiff has not offered direct evidence that she was terminated in retaliation for her complaints about discrimination and retaliation, and plaintiff concedes that the three-part *McDonnell Douglas* framework therefore applies here.  *See Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016).  The State argues that plaintiff cannot satisfy the third requirement for making a prima facie showing of retaliation, under which a plaintiff must show a causal connection between the protected activity and the adverse employment action.  *See id.*  The plaintiff must offer evidence "of circumstances that justify an inference of retaliatory motive."  *See Antonio v. Sygma Network, Inc.*, 458 F.3d 1177,

1181 (10th Cir. 2006).  A plaintiff may satisfy that requirement by showing a very close temporal proximity between the protected activity and the termination, *see id.* at 1181-82; but as the State points out, almost a year passed between plaintiff's second complaint and her termination, *see Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (noting that it had held that three months' proximity is not sufficient by itself to create the necessary inference of retaliation), and plaintiff has not relied on temporal proximity in arguing against summary judgment on this claim.

In the absence of a very close temporal proximity, the plaintiff must offer other evidence of causation.  *See Antonio*, 458 F.3d at 1182.  Plaintiff's only argument on this point is that her termination in a discriminatory manner (evidenced by the fact that two male employees were permitted to retire or resign) is "indicative of retaliation."  Plaintiff, however, has cited no authority suggesting that evidence of discrimination, standing alone, is sufficient to create an inference of retaliation, and the Court has located no such authority.  The Court concludes as a matter of law that, even if the State did treat plaintiff differently based on her gender and thus discriminated against her because of that gender, that fact does not create any reasonable inference that the State terminated plaintiff's employment in retaliation for her complaints – complaints that were made long before and which resulted in discipline for various employees.  Plaintiff has not cited any evidence tying the decision to terminate her to her earlier complaints, or any evidence otherwise creating a reasonable inference that her termination was in retaliation for those complaints.  Accordingly, the Court grants the State summary judgment on plaintiff's retaliation claim to the extent that claim is based on her termination.

## VII.   <u>First Amendment Claim</u>

Plaintiff concedes that she lacks sufficient evidence to support her First Amendment retaliation claim against the individual defendants and that summary judgment is therefore appropriate in favor of those defendants.  According, the motion is granted as unopposed with respect to this claim, and the individual defendants are granted judgment on the claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for summary judgment (Doc. # 62) is **granted in part and denied in part**.  The motion is granted with respect to plaintiff's Section 1983 First Amendment claim, her Section 1983 Equal Protection claim as asserted against defendants Schnurr and VanHoose, and her Title VII retaliation claim to the extent based on her termination, and defendants are granted judgment on those claims.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 23rd day of June, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge